An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TEODORO MACARENA-PARTIDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60346

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, home invasion, and battery with the intent to commit sexual assault. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Appellant Teodoro Macarena-Partida contends that there was insufficient evidence to support his conviction for battery with the intent to commit sexual assault. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crimes beyond a reasonable doubt. McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Here, the jury heard testimony that Macarena-Partida broke into the victim's basement and grabbed a rope and duct tape before walking upstairs. He then grabbed a knife from the victim's kitchen and proceeded to watch pornography on the victim's laptop computer. When the victim arrived home, Macarena-Partida took off his hat and shoes and hid in the victim's bedroom closet. When she opened the closet, he jumped out and held a knife to her throat forcing her onto her bed. A struggle ensued during which the victim's blouse was ripped and her face was

SUPREME COURT
OF
NEVADA

(O) 1947A

13- 04674

scratched. After the victim screamed for help, Macarena-Partida pleaded with her not to call the police and then fled.

We conclude that a rational juror could infer from these circumstances that Macarena-Partida committed battery with the specific intent to commit sexual assault. See NRS 200.364(4); NRS 200.366; NRS 200.400(1)(a), (4). The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the convictions. Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also Hernandez v. State, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) ("[C]ircumstantial evidence alone may support a conviction."); McNair, 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.").

Macarena-Partida also contends that the district court erred by denying his motion for a mistrial because a third party attempted to influence the jury's decision through improper conduct with the jury. Specifically, Macarena-Partida contends that he was prejudiced before the jury because an unidentified person took a picture of two jurors having lunch in front of the Pioneer Theater and the bailiff asked them to fill out a statement about the incident. The district court heard testimony from the bailiff that the jurors did not seem overly concerned about the incident and just wanted to inform the court. The district court concluded that the incident did not warrant a mistrial but offered to give a curative instruction if the defense requested one. Macarena-Partida requested the instruction and the district court admonished the jury that the incident was unrelated to Macarena-Partida's case and should not be considered.

"Before a defendant can prevail on a motion for a new trial based on juror misconduct, the defendant must present admissible

evidence sufficient to establish: (1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial." Meyer v. State, 119 Nev. 554, 563, 80 P.3d 447, 455 (2003). Although Macarena-Partida failed to request the district court to individually question the jurors, he contends that this court's opinion in Chavez v. State, 125 Nev. 328, 347, 213 P.3d 476, 489 (2009), places a duty on the district court to individually question the jurors sua sponte whenever a defendant requests a mistrial based on juror misconduct. We disagree. Chavez involved the district court's decision to remove an individual juror for violating the court's instructions rather than declaring a mistrial. Id.; see also Viray v. State, 121 Nev. 159, 163-64, 111 P.3d 1079, 1082 (2005) (explaining the requirement discussed in Chavez). Here, Macarena-Partida does not contend that any juror acted contrary to his or her instructions or oath. See Meyer, 119 Nev. at 561, 80 P.3d at 453 (explaining that juror misconduct falls into two categories). Had Macarena-Partida wanted to develop additional evidence supporting his claim of juror misconduct he could have requested the district court to individually canvass the jurors. He failed to do so. We conclude that Macarena-Partida has failed to satisfy his burden of proving misconduct or prejudice. See id. at 563, 80 P.3d at 455. Accordingly, he is not entitled to relief on this claim, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Egan K. Walker, District Judge
   Washoe County Public Defender
   Attorney General/Carson City
   Washoe County District Attorney
   Washoe District Court Clerk